Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RAY LACUESTA JACINTO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RAY LACUESTA JACINTO,<br><br>Plaintiff,<br><br>v.<br><br>NELSON & KENNARD, a general partnership, and ROBERT SCOTT KENNARD, individually and in his official capacity,<br><br>Defendants. | Case No. 07-4401 RS<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.* |

Plaintiff, RAY LACUESTA JACINTO (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.      This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

-1-
COMPLAINT

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, RAY LACUESTA JACINTO (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7. Plaintiff is informed and believes, and thereon alleges that Defendant, NELSON & KENNARD (hereinafter "N&K"), is or was at all relevant times, a general partnership engaged in the business of collecting debts in this state with its principal place of business located at: 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314. N&K may be served as follows: Nelson & Kennard, c/o Donald Gordon Nelson, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314 and Nelson & Kennard, c/o Robert Scott Kennard, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314. The principal business of N&K is the collection of debts using the mails and telephone, and N&K regularly attempts to collect debts alleged to be due another. N&K is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant, ROBERT SCOTT KENNARD (hereinafter "KENNARD"), is a natural person and licensed attorney in the state of California. KENNARD may be served at his

-2-
COMPLAINT

current business address at: Robert Scott Kennard, Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314. KENNARD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

10. On or about November 6, 2004, Plaintiff incurred a financial obligation, namely a Retail Installment Sale Contract for the purchase of a 2005 Dodge Durango from Capitol Dodge, Inc., d/b/a Hartzheim Dodge (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to the Plaintiff, the debt was sold, assigned or otherwise transferred to Daimlerchrysler Financial Services Americas, LLC.

12. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

13. Thereafter Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. The collection letter (Exhibit "1") is dated November 1, 2006.

15. The collection letter (Exhibit "1") was the first written communication from Defendants that was received by Plaintiff in connection with the collection of the debt originally owed to Capitol Dodge, Inc., d/b/a Hartzheim Dodge.

16. The collection letter (Exhibit "1") states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notice this office within 30 days from receiving this notice, this

office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you so request from this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

18. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above.

19. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

20. Defendant, N&K, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

21. Defendant, KENNARD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. The financial obligation originally owed to Capitol Dodge, Inc., d/b/a Hartzheim Dodge by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

23. The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against him, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    c. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the

-4-

|   |   |   |
|---|---|---|
| 1 |   | thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and, |
| 5 | d. | Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5). |

24. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

c. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3); and

e. Award Plaintiff such other and further relief as may be just and proper.

///
///
///
///

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    RAY LACUESTA JACINTO

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RAY LACUESTA JACINTO, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

DONALD G. NELSON
ROBERT SCOTT KENNARD
JONATHAN E. AYERS
GLORIA ZARCO

**NELSON & KENNARD**
Attorneys at Law
2180 Harvard Street, Ste. 160
P.O. Box 13807
Sacramento, CA 95853
(916) 920-2295
(866) 920-2295

FACSIMILE
(916) 920-0682

November 1, 2006

RAY L JACINTO
2396 Banyan St
Gilroy, California 95020

Re: DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC
Account No. 1013144119
Current Balance Due: $18,359.84
Our File No. 06-09521-0

Dear Ray L Jacinto:

This office represents DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC with respect to your above-referenced account. Our client has forwarded your account to this office with instructions that we take appropriate action to effect collection of the above-referenced balances due. If suit is filed, a judgment may be entered against you for the principal, interest and late charges currently due together with actual court costs incurred and reasonable attorney's fees, as provided by law.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you so request from this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please be advised that the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

This firm is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you have any questions or wish to discuss this matter, please contact our office.

Very truly yours,

NELSON & KENNARD

ROBERT SCOTT KENNARD
Attorney at Law



EXHIBIT 1

d1.frm